Coy Carson v. The State.

No. 27.   Decided October 13, 1909.

**Theft—Ungathered Indian Corn—Variance.**

Where the information charged ordinary theft under article 858, Penal Code, and the proof showed that the information should have been drawn under article 874, Penal Code, with reference to the felonious taking of ungathered corn, etc., the variance is fatal, and the conviction could not be sustained.

Appeal from the County Court of Henderson.   Tried below before the Hon. J. S. Prince.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $1 and thirty days confinement in the county jail.

The opinion states the case.

*J. A. McDonald,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted on a charge of theft preferred against him by information in the County Court of Henderson County, Texas, and his punishment assessed at a fine of $1 and thirty days imprisonment in the county jail.   The charging part of the information is as follows: "That Coy Carson, in the county of Henderson and State of Texas, on or about the first day of September, A. D. 1908, and anterior to the filing of this information did then and there unlawfully and fraudulently take, steal and carry away from the possession of A. C. Vener certain corporeal personal property then and there the property of and belonging to the said A. C. Vener, to wit: one bushel of corn of the value of forty cents in money without the consent of the said A. C. Vener and with the intent then and there on the part of him, the said Coy Carson, to deprive the said A. C. Vener of the value of said property and to appropriate the same to the use and benefit of him the said Coy Carson against the peace and dignity of the State."

The testimony for the State disclosed the fact that about the 26th day of July, 1908, appellant sold to one J. H. Wetherley two bushels of corn for fifty cents a bushel, the corn at the time being in the cornfield which he pointed out across the road as belonging to his father.   The evidence shows that the corn was later gathered by Wetherley and his employes and that when sold the corn had not been severed from the stalks, and the stalks were rooted in the ground where they were growing and had grown.   As developed, the corn, in fact, was raised by one Vener, who was a tenant on the farm of one Putnam.   Appellant was not present when the corn was gathered and in fact had gone home before any effort was made to reduce it to actual possession.   These facts were in substance

denied by appellant. In the view we have taken of the case, it becomes unnecessary to set out the testimony further.

Appellant makes the contention that the prosecution can not be sustained on the indictment preferred against him under the facts of the case and this position, we think, must be sustained. Article 858 of our Penal Code is as follows: " 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." Article 874, which applies to the case at bar, is in this language: "The stealing or feloniously taking any growing, standing or ungathered Indian corn, wheat, cotton, potatoes, rice or other agricultural product, shall hereafter be deemed theft; and any person who shall hereafter steal or feloniously take, pluck, sever or carry away any Indian corn, or wheat, cotton, potatoes, rice or other agricultural product, growing, standing or remaining ungathered in any plantation, field, or other ground, shall, on conviction thereof, be deemed guilty of theft, and suffer punishment as in other cases of theft." This last article of the Penal Code has been considered as defining a particular form of theft. Under the last article the following form of indictment is recommended and indorsed as correct by Judge Willson: "A. B., on the —— day of ————, A. D. ——, in the county and State aforesaid, did fraudulently take from the possession of C. D. certain growing, standing, and ungathered Indian corn (or wheat, cotton, potatoes, rice, or other agricultural product, naming such product, as the case may be), to wit (stating the quantity taken), of the value of —— dollars, the same being the property of the said C. D., and the same being then and there growing, standing, and remaining ungathered in the plantation, field, and ground of the said C. D., without the consent of the said C. D., and with the intent to deprive the said C. D. of the value of the same, and to appropriate it to the use and benefit of him, the said A. B.. (Conclusion and signature, see Form 7.) Substantially the same form of indictment is laid down by Judge White in his Annotated Penal Code. See sec. 1498. In article 875, Penal Code, where stealing record books, or filed papers is made an offense, it has been held that the indictment must allege the particular lawful use of the book or paper sought to be prevented by the accused by stealing it. As said by Judge Hurt in the case of Huntsman v. State, 12 Texas Crim. App., 619: "There must be such an indictment, so accusing the defendant of the very crime of which he is convicted, to sustain the judgment, and the want of it will not be supplied by one charging another offense by allegations which do not include that for which the party is convicted." Among other offices and purposes of an indictment

is to advise a defendant of the particular crime of which he is accused in order that he can be advised of the nature and character of the charge against him and be prepared to defend against it. In this case it is manifest that appellant could have been convicted on proper evidence of theft committed at any time within the period of limitation and at any place within the limits of Henderson County. On the charge of theft of growing crops he could not, of course, have been convicted, except in respect to crops growing on the farm charged and which were then ungathered. While the defense is in its nature largely technical it seems on authority and reason that it is meritorious, and if correct, must be sustained. The indictment on its face, of course, is a valid one, and because the facts do not support it, we can not, as we otherwise would do, reverse and dismiss the case. If the evidence on another trial on this indictment is the same as here presented, the court should instruct a verdict of not guilty.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*